Case 3:21-cv-00058  Document 1-2  Filed 01/15/21  Page 1 of 13  Page ID #6

***EFILED***
Case Number 2020L 001625
Date: 11/18/2020 4:33 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| MICHAEL J. SCHROEDER, | ) | |
| | ) | 2020L 001625 |
| Plaintiff, | ) | |
| | ) | CASE NO: 20-L- |
| v. | ) | |
| | ) | |
| BONANZA GOLD TRUCKING, INC., | ) | |
| and JOHN PATRICK PATTON, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MICHAEL J. SCHROEDER, by and through his attorneys, MillerKing LLC, and for his causes of action against Defendant, BONANZA GOLD TRUCKING, INC., and Defendant, JOHN PATRICK PATTON, and pleads and alleges as follows:

### NATURE OF ACTION

1. That this is an action for personal injury damages arising out of a collision involving a tractor-trailer that occurred on December 17, 2018, in Madison County, Illinois.

2. That as a result of this collision, MICHAEL J. SCHROEDER suffered severe and personal injuries.

### PARTIES, JURISDICTION, AND VENUE

3. That at the time of the occurrence and crash described herein, Plaintiff, MICHAEL J. SCHROEDER ("Plaintiff SCHROEDER"), was and is a resident of the

Michael J. Schroeder v. Bonanza Gold Trucking, Inc., et al.
Case Number: 20-L-

EXHIBIT 1

Page 1

State of Nevada. Plaintiff SCHROEDER was the driver of one of the tractor-trailers involved in the subject collision that occurred in Illinois.

4.   That at the time of the occurrence and crash described herein, Defendant, Bonanza Gold Trucking, Inc. ("Defendant BONANZA"), was and is a foreign company organized under the laws of the State of Missouri with its principal place of business located at 3550 Lowry Lane, Kingdom City, MO 65262.  Therefore, Defendant BONANZA is a citizen of Missouri.  Defendant BONANZA may be served with legal process by serving its registered agent for service: Tina Ann Turner, 3550 Lowry Lane, Kingdom City, MO 65262.

5.   That at the time of the occurrence and crash described herein, Defendant, JOHN PATRICK PATTON ("Defendant PATTON"), was the driver of one of the tractor-trailers involved in the subject collision that occurred in Illinois.  His current address is 2853 WASHINGTON AVE, GRANITE CITY, MADISON COUNTY, IL 62040-4910.  Defendant PATTON may be served with legal process at his address. Once served, Defendant PATTON is subject to the jurisdiction and venue of this Court.

6.   That at all times material hereto, Defendant BONANZA was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Illinois.

7.   That at all times material to this action, Defendant BONANZA was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

8.   That at all times material hereto, Defendant BONANZA was and is a motor

carrier authorized to operate in the State of Illinois for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

9. That at the time of the occurrence and crash described herein, all events occurred and transpired within Madison County, State of Illinois.

10. That this Court has subject matter jurisdiction over the claims asserted in this Complaint.

11. That jurisdiction is proper within the State of Illinois.

12. That venue is proper within Madison County, Illinois.

### FACTS COMMON TO ALL COUNTS

13. That at the time of the occurrence and/or crash described herein, Plaintiff SCHROEDER, driving a 2012 Kenworth truck and hauling a trailer, was traveling southbound on I-55 on December 17, 2018, at approximately 11:10 a.m.

14. That at the time of the occurrence and/or crash described herein, Defendant PATTON, driving a 1994 Freightliner truck and hauling a trailer, was merging from IL-157 onto I-55 southbound.

15. That at the time of the occurrence and/or crash described herein, Defendant PATTON was operating a Truck owned by Defendant BONANZA.

16. That at the time of the occurrence and/or crash described herein, the Truck being operated by Defendant PATTON was a commercial motor vehicle as defined under the Federal Motor Carrier Safety Regulations

17. That at the time of the occurrence and/or crash described herein, Defendant PATTON lost control and overturned his truck and trailer onto the driver side

sliding down I-55 southbound.

18. That at the time of the occurrence and/or crash described herein, Defendant PATTON's overturned truck blocked all lanes of travel.

19. That at the aforesaid time and place, Plaintiff SCHROEDER was traveling southbound in I-55 as Defendant PATTON's tractor-trailer was sliding across I-55.

20. That at the aforesaid time and place, debris from Defendant PATTON's trailer struck Plaintiff SCHROEDER's windshield.

21. That at the aforesaid time and place, Plaintiff SCHROEDER was unable to avoid a collision with Defendant PATTON's tractor-trailer as it came into Plaintiff SCHROEDER's lane of travel.

22. That at the aforesaid time and place, Plaintiff SCHROEDER's truck then overturned onto the driver's side in the center median and slid about 750 feet before it came to a stop.

23. That before the collision occurred, Defendant PATTON was driving too fast causing the trailer to tilt and swerve.

24. That at the aforesaid time and place, Defendant PATTON and lost control of the tractor-trailer he was operating.

25. That in the moments before the collision, Defendant PATTON was not operating the tractor-trailer in a reasonable and prudent manner.

26. That Defendant PATTON is solely responsible for causing the subject collision.

27. That Plaintiff SCHROEDER did not cause or contribute to the subject collision.

## COUNTS I & II

### (Negligence and Negligence *Per Se* – Defendant PATTON)

28.  That at all times material hereto, Defendant PATTON was a professional driver.

29.  That at all times material hereto, Defendant PATTON had a commercial driver's license.

30.  That at all times material hereto, Defendant PATTON was driving a commercial motor vehicle as defined under Illinois law.

31.  That at all times material hereto, Defendant PATTON was driving a commercial motor vehicle in interstate commerce.

32.  That at all times material to this action, Defendant PATTON had a legal duty to adhere to all Illinois traffic laws.

33.  That at all times material to this action, Defendant PATTON had a legal duty to adhere to Illinois trucking safety regulations.

34.  That at all times material to this action, Defendant PATTON had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

35.  That at all times material to this action, Defendant PATTON had a legal duty to adhere to trucking industry standards.

36.  That at all times material to this action, Defendant PATTON had a duty to operate his commercial vehicle in a safe and prudent manner.

37.  That at all times material to this action, Defendant PATTON had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of Mrs. Brice and the motoring public. This duty included keeping a proper lookout, paying attention, and not following too

closely.

38. That Defendant PATTON in the operation of the tractor-trailer did the following among other things:

(a) Failed to keep a proper lookout ahead;

(b) Failed to maintain his lane;

(c) Drove while his vehicle was overweight;

(d) Failed to drive at a safe and reasonable speed under the conditions;

(e) Lost control of the tractor-trailer he was operating;

(f) Caused contact to occur between his tractor-trailer and Plaintiff SCHROEDER's vehicle;

(g) Failed to drive defensively;

(h) Failed to operate the tractor-trailer in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff SCHROEDER in particular, in danger;

(i) Failed to adhere to safe driving principles expected of professional drivers;

(j) Failed to operate the tractor-trailer in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

(k) Failed to operate the tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision; and

(l) Otherwise failed to act reasonably and prudently as a professional driver should under the circumstances.

39. That Defendant PATTON breached his duties and was negligent in at least one or more of the respects described above.

40. That additionally, Defendant PATTON's conduct violated Illinois law including but not limited to: 625 ILCS 5/11-601(a) (failure to decrease speed to avoid a collision); 625 ILCS 5/11-601(a) (failure to use due care); 625 ILCS 5/11-709(a) (failure to properly change or use traffic lanes); ILCS 5/11-503(a) (reckless driving). Each such violation constitutes negligence *per se*.

41. That Defendant PATTON was negligent and/or negligent per se in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

42. That as a direct and proximate cause and/or result of one or more of the aforesaid acts of negligence and/or omissions of Defendant PATTON, Plaintiff SCHROEDER sustained serious, severe, and permanent personal injuries to his head, neck, shoulders, hip, and back.

43. That the Plaintiff has in the past and will in the future become obligated to pay for medical expenses for the treatment and care of his injuries as result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer substantial pain and discomfort as a result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer loss of enjoyment of life as a result of this occurrence and crash; that the Plaintiff has in the past suffered lost wages and out-of-pocket expenses as a result of this occurrence; and that the Plaintiff has in the past and will in the future suffer emotional distress.

WHEREFORE, the Plaintiff SCHROEDER prays that this Honorable Court enters

judgment in his favor against the Defendant PATTON in an amount in excess of Fifty-Thousand Dollars ($50,000.00), plus costs of suit.

### COUNT III

**(Negligence – *Respondent Superior* – Defendant BONANZA)**

44. That at the time of the occurrence and crash described herein, Defendant PATTON, was employed by, agent thereof, and an employee of Defendant BONANZA.

45. That at the time of the occurrence and crash described herein, all foregoing described acts of negligence and/or omissions of Defendant PATTON, were committed while on-duty and within the scope of authority and employment as an agent of Defendant BONANZA also known as the principal or employer.

46. That at the time of the occurrence and crash described herein, Defendant PATTON was operating a commercial vehicle exclusively controlled by Defendant BONANZA.

47. That at the time of the occurrence and crash described herein, Defendant PATTON was operating a commercial vehicle under the motor carrier authority of Defendant BONANZA.

48. That at the time of the occurrence and crash described herein, Defendant PATTON was operating a commercial vehicle in furtherance of the business and financial interests of Defendant BONANZA.

49. That Defendant BONANZA is responsible for all of the acts of negligence and/or omissions committed by its said agent or employee, Defendant PATTON, that had been performed or made within the scope of authority and employment. That as a direct and proximate cause and/or result of one or more of the aforesaid acts of

negligence and/or omissions of Defendant PATTON, the Plaintiff, Michael J. Schroeder, sustained serious, severe, and permanent personal injuries to his head, neck, shoulders, hip, and back. That the Plaintiff has in the past and will in the future become obligated to pay for medical expenses for the treatment and care of his injuries as result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer substantial pain and discomfort as a result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer loss of enjoyment of life as a result of this occurrence and crash; that the Plaintiff has in the past suffered lost wages and out-of-pocket expenses as a result of this occurrence; and that the Plaintiff has in the past and will in the future suffer emotional distress.

WHEREFORE, the Plaintiff, Michael J. Schroeder, prays that this Honorable Court enters judgment in his favor against the Defendant BONANZA in an amount in excess of Fifty-Thousand Dollars ($50,000.00), plus costs of suit.

## COUNT IV

### (Negligent Hiring, Entrustment and Retention – Defendant BONANZA)

50. That at the time of the occurrence and crash described herein, Defendant PATTON, was employed by, agent thereof, and an employee of Defendant BONANZA.

51. That at the time of the occurrence and crash described herein, all foregoing described acts of negligence and/or omissions of Defendant PATTON, were committed while on-duty and within the scope of authority and employment as an agent of Defendant BONANZA also known as the principal or employer.

52. That Defendant Bonanza supplied and arranged for use of equipment to Defendant PATTON.

53. That Defendant BONANZA is responsible for all of the acts of negligence and/or omissions committed by its said agent or employee, Defendant PATTON, that had been performed or made within the scope of authority and employment.

54. That at the time of the occurrence and crash described herein, Defendant BONANZA had supplied the said Semi-Truck and attached trailer as well as use of all other vehicle equipment to Defendant PATTON.

55. That at all relevant times as mentioned herein, Defendant BONANZA had the duty to investigate and review the driving record, criminal history, and background of Defendant PATTON, regarding whether or not Defendant PATTON was a safe, fit, and competent driver.

56. That Defendant BONANZA knew or should have known that Defendant PATTON, had a particular unfitness for the specific position of operating and driving the Semi-Truck with an attached trailer along and upon interstate highways so as to create a danger of harm to Plaintiff SCHROEDER.

57. That Defendant BONANZA knew or should have known of Defendant PATTON's particular unfitness and driving record at the time of hiring and/or retention of Defendant PATTON.

58. That Defendant BONANZA breached its duty of care by failing to properly and sufficiently investigate and review the driving record, criminal history, and background of Defendant PATTON, while it employed and/or continued to retain Defendant PATTON as a driver operating the Semi-Truck with an attached trailer along and upon interstate highways.

59. That the acts of negligence of Defendant BONANZA by hiring and

continued retention of Defendant PATTON, directly and proximately caused harm and injuries to Plaintiff Michael J. Schroeder.

60. That Plaintiff SCHROEDER was a member of a foreseeable class of persons who would be at risk of suffering physical harm as a result of Defendant PATTON's operation of a semi-truck tractor and trailer.

61. That Defendant BONANZA, by entrusting equipment to Defendant PATTON, directly and proximately caused injuries to Plaintiff SCHROEDER.

62. That as a direct and proximate cause and/or result of one or more of the Defendants – Defendant PATTON's aforesaid acts of negligence and/or omissions, including a particular unfitness to operate the Semi-Truck with an attached trailer, the Plaintiff, Michael J. Schroeder, sustained serious, severe, and permanent personal injuries to his head, neck, shoulders, hip, and back. That the Plaintiff has in the past and will in the future become obligated to pay for medical expenses for the treatment and care of his injuries as result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer substantial pain and discomfort as a result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer loss of enjoyment of life as a result of this occurrence and crash; that the Plaintiff has in the past suffered lost wages and out-of-pocket expenses as a result of this occurrence; and that the Plaintiff has in the past and will in the future suffer emotional distress.

WHEREFORE, the Plaintiff, Michael J. Schroeder, prays that this Honorable Court enters judgment in his favor against the Defendant BONANZA in an amount in excess of Fifty-Thousand Dollars ($50,000.00), plus costs of suit.

Respectfully Submitted,

MILLERKING LLC

_____
Patrick G. King, #6300213
2410 State Street
Alton, IL 62002
(618) 462-8405
(618) 433-9918 (facsimile)
*Patrick@MillerKingLaw.com*
**Attorneys for Plaintiff**

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| MICHAEL J. SCHROEDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BONANZA GOLD TRUCKING, INC., )<br>and JOHN PATRICK PATTON, )<br>)<br>Defendants. ) | CASE NO: 20-L- |

## AFFIDAVIT

STATE OF ILLINOIS    )
                     )  ss
COUNTY OF MADISON    )

This Affidavit is hereto made pursuant to Supreme Court Rule 222(b). Under the Penalties of Perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned hereby certifies that the total of money damages sought by the Plaintiff does exceed $50,000.00.

_____
Patrick G. King, # 6300213
Attorney for Plaintiff

SUBSCRIBED and SWORN TO before me this 18th day of November 2020.

_____
NOTARY PUBLIC

OFFICIAL SEAL
TONIA N PATTON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/07/23

Michael J. Schroeder v. Bonanza Gold Trucking, Inc., et al.
Case Number: 20-L-